UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LLOYD HENRY PHILLIPS                CIVIL ACTION NO. 6:10-cv-01523

VERSUS                              JUDGE HAIK

MICHAEL ASTRUE,                     MAGISTRATE JUDGE HANNA
COMMISSIONER OF
SOCIAL SECURITY

## RULING ON MOTION FOR ATTORNEYS' FEES

Before this Court is a motion for attorneys' fees filed by the appellant, Lloyd Henry Phillips, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Rec. Doc. 20). Mr. Phillips contends that he is the prevailing party in this litigation, and he seeks to recover attorneys' fees in the amount of $4,406.25 (representing 7.25 hours of attorney time at the hourly rate of $150.00 and 44.25 hours of paralegal time at the rate of $75.00 per hour). The Commissioner did not respond to the motion; accordingly, the undersigned finds that the motion is unopposed. For the reasons set forth below, the undersigned finds that Mr. Phillips's motion should be granted.

## ANALYSIS

A party is entitled to recover attorneys' fees pursuant to the EAJA if four requirements are met: (1) he is the prevailing party, (2) he files a timely fee application, (3) the position of the government was not substantially justified, and (4) no special circumstances make an award unjust.[1] The Commissioner did not object to a fee award on the basis that any of these four requirements have not been met, and the undersigned finds that these requirements were satisfied in this case.

The EAJA permits recovery of reasonable attorneys' fees based on prevailing market rates.[2] As a general rule, "in determining the amount of attorneys' fees, the district court enjoys discretion."[3] Therefore, the undersigned must determine whether the hours claimed by Mr. Phillips's attorney are reasonable and whether the hourly billing rate is consistent with the prevailing market rates.

According to the fee application, Mr. Phillips's counsel spent a total of 7.25 hours working on this case at the rate of $150.00 per hour, and his counsel's paralegal spent 44.25 hours working on this case at the rate of $75.00 per hour, for a total of $4,406.25. This time was spent advancing Mr. Phillips's appeal by reviewing and

---

[1] 28 U.S.C. § 2412(d)(1); *Squires-Allman v. Callahan*, 117 F.3d 918, 920 n. 1 (5th Cir. 1997); *Milton v. Shalala*, 17 F.3d 812, 813 n. 1 (5th Cir. 1994).

[2] 28 U.S.C. § 2412(d)(2)(A).

[3] *Perales v. Casillas*, 950 F.2d 1066, 1074 (5th Cir. 1992).

analyzing the administrative record, researching relevant issues, reviewing the Commissioner's submissions to the court, and preparing submissions on Mr. Phillips's behalf.  A favorable result was obtained, and the hours submitted by Mr. Phillips's counsel furthered his case.  The Commissioner did not object to the number of hours worked by Mr. Phillips's attorney and paralegal, and the Commissioner did not object to the attorney's or the paralegal's billing rate.  Accordingly, the undersigned finds that the hours spent on this case by Mr. Phillips's legal representatives are reasonable. The undersigned further finds that the attorney billing rate of $150.00 per hour is the prevailing rate in the district.[4]  The undersigned further finds that a billing rate of $75.00 per hour for the work performed by paralegal Anthony E. Mitchell, the paralegal who worked on Mr. Phillips's case, has been awarded in other similar cases and is reasonable.[5]

---

[4]  In *Williams v. Astrue*, this court weighed cost of living increases since 1994 against prevailing market conditions and the healthy community of social security practitioners in this area, before settling upon an EAJA hourly rate of $150 for attorney work performed in 2008 and beyond. See *Williams v. Astrue*, No. 07-2124, 2009 WL 703288 (W.D. La. Feb. 26, 2009) (report and recommendation); No. 07-2124, 2009 WL 703285 (W.D. La. Mar. 17, 2009) (order denying reconsideration); No. 07-2124, 2009 WL 824527 (W.D. La. Mar. 23, 2009) (judgment).

[5]  See, e.g., *Bellard v. Astrue*, No. 09-cv-1603, 2011 WL 1868796, *4 (W.D. La. May 16, 2011).

## Conclusion

The undersigned finds that Mr. Phillips is entitled to an award of attorneys' fees pursuant to the EAJA because he is the prevailing party, his fee request was timely, the Commissioner's position was not substantially justified, and there are no special circumstances that make an award unjust.  The undersigned further finds that 7.25 hours of work by the attorney and 44.25 hours of work by the paralegal were reasonable and necessary, and that the prevailing market rate for attorneys representing clients seeking Social Security awards is $150 per hour while the rate of $75.00 per hour is reasonable for Mr. Mitchell's work.  Accordingly,

For the foregoing reasons,

**IT IS ORDERED** that the petition for attorneys' fees is **GRANTED** in the full amount of $4,406.25, representing 7.25 hours of attorney time at the rate of $150 per hour and 44.25 hours of paralegal time at the rate of $75.00 per hour.

**IT IS FURTHER ORDERED** that the sum of $4,406.25 is awarded to Mr. Phillips as an EAJA fee.  The Commissioner of the Social Security Administration shall forward a check payable to Lloyd Henry Phillips in the amount of $4,406.25

pursuant to 28 U.S.C. §2412(d)(1)(A) within forty-five days of this date.

Signed at Lafayette, Louisiana, this 21st day of May 2012.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE